UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERONIA QUARLES,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JULIETTE KALVONOUGH, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. C08-5280 BHS/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**October 10, 2008** |

　　　This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Plaintiff's application was deficient as the Court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by Plaintiff. Accordingly, Plaintiff was ordered to show cause why his application should not be dismissed. (Dkt. # 11). Based on Plaintiff's response, the Court has determined that Plaintiff has sufficient funds to pay the filing fee and recommends that his application be denied.

## I. DISCUSSION

　　　The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*,

375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

In his first application to proceed *in forma pauperis*, Plaintiff indicated that within the past twelve months he has received disability or workers compensation payments and that he has received gifts or inheritance. (Dkt. # 3, p. 3). Plaintiff failed to state the source of the money, the amount of money received, and the money he expects to continue to receive, as requested on the application form. *Id.*, p. 3. Plaintiff was directed to answer these questions and to provide the Court with a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. (Dkt. # 5).

In his second application, Plaintiff indicated that he receives social security payments of $5.58 per month. (Dkt. # 9, p. 1). Plaintiff also submitted several Pierce County Corrections Receipt Forms reflecting that Larry Dickson deposited checks into Plaintiff's prison account exceeding $700.00 during January, February, April and May of 2008. (Dkt. # 3). Plaintiff identified Mr. Dickson as his "payee" of his "SSI." *Id.*, p. 1. In addition, Plaintiff failed to provide the Court with a statement showing the balance and activity for the entire period immediately preceding the filing of his complaint. The document submitted by Plaintiff reflected only the period of time from his initial booking, January 1, 2008 until March 5, 2008. *Id.*

Plaintiff was again asked to clarify how much money he receives, the source of the money and the money he expects to continue to receive as requested on the application form. (Dkt. # 11). Following an extension of time requested by Plaintiff (Dkt. # 14), Plaintiff provided another application form, indicating that he receives $560.00 per month in Social Security benefits and that there are no persons dependent on him for support. (Dkt. # 15, p. 2).

While the undersigned recognizes that the funds to which Mr. Quarles has access may not be great, given the fact that his basic needs are provided for while he is incarcerated and he has no persons

dependent on him for support, it is not unreasonable to expect that he can pay the filing fee to proceed with this action from the monthly funds he receives.

## II. CONCLUSION

Because Plaintiff appears to have sufficient funds to pay the court filing fee, the undersigned recommends the court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **October 10, 2008**, as noted in the caption.

Dated this  25th  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge